37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 OPERATING ENGINEERS PENSION TRUST; Operating Engineers
Health & Welfare Fund; Operating Engineers
Vacation-Holiday Savings Trust;
Operating Engineers Training
Trust, Plaintiffs-Appellants,
v.
G.C. WALLACE, INC., a Nevada Corporation; Surveyors, Inc.,
a Nevada Corporation, Defendants-Appellees.
 No. 93-15421.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1994.
Decided Sept. 23, 1994.
 
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A 1983 labor agreement that expired on July 31, 1986, between G.C. Wallace, Inc. ("GCWI") and the International Union of Operating Engineers ("union"), mandated that GCWI contribute to various Operating Engineers Trust Funds ("the Trust") on behalf of work performed by the covered employees.
 
 
 3
 In 1985, GCWI owners formed Surveyors, Inc. ("Surveyors"), a nonunion company, and transferred three major jobs from GCWI to Surveyors. Shortly thereafter, plaintiffs, Trustees of the Trust, brought an action in federal district court for unpaid contributions to the Trust on behalf of the employees of Surveyors. Additionally, the union filed an unfair labor practice charge against GCWI with the National Labor Relations Board ("NLRB").
 
 
 4
 In the meantime, however, the union and GCWI began negotiating a successor labor agreement, which became effective on August 1, 1986. It recited that GCWI had no obligation to "make any contributions for hours worked by or paid to" employees of Surveyors. "However," it also stated, "this provision shall not prevent the assessment of damages against the Employer, if warranted, for a violation ... of the Supplemental Letter to this Agreement." ER at 218. The Supplemental Letter stated that the union would withdraw its unfair labor practice charge and would not file any new charges concerning GCWI's relationship to Surveyors. "In consideration," GCWI would not transfer work to Surveyors and agreed to "allege[ ] that it does not and has not exercised any control over the labor relations of Surveyors, Inc., and that it will not do so in the future." Id.
 
 
 5
 After the union withdrew its unfair labor practice charge brought to the NLRB, a decision in the federal court case was issued. The district court found that GCWI and Surveyors were alter egos of one another and awarded damages to the plaintiffs for unpaid contributions to the Trust on behalf of the employees of Surveyors pursuant to the 1983 agreement. On appeal, we affirmed. A subsequent audit of GCWI and Surveyors records revealed no subcontracting or transferring of work by GCWI to Surveyors, except for the three large projects transferred to Surveyors at its inception.
 
 
 6
 In 1991, plaintiffs brought the instant action for contributions on behalf of Surveyors employees pursuant to the 1986 labor contract. The district court entered summary judgment for the defendants. We have jurisdiction pursuant to 29 U.S.C. Sec. 185(a) and 29 U.S.C. Sec. 1132. The construction of a contract is a question of law subject to de novo review. Waggoner v. Northwest Excavating, Inc., 642 F.2d 333, 337 (9th Cir.1981). We affirm.
 
 
 7
 Plaintiffs argue that the 1986 contract excluding Surveyors employees from coverage was conditioned upon GCWI's representations in the Supplemental Letter that it had never exercised any control over Surveyors labor relations. See J.M. Tanka Const., Inc. v. N.L.R.B., 675 F.2d 1029, 1034 (9th Cir.1982) (common control over labor relations is the most important factor in determining alter ego status). Plaintiffs argue that the 1987 federal court decision that GCWI and Surveyors were alter egos of one another constituted a breach of the 1986 Supplemental Letter of Agreement which stated that "The Employer [GCWI] alleges that it does not and has not exercised any control over the labor relations of Surveyors, Inc., and that it will not do so in the future." Because of the breach, plaintiffs contend that they now have a right to the unpaid contributions to the trust on behalf of the employees of Surveyors pursuant to the 1986 agreement.
 
 
 8
 Defendants counter that there was no breach of the 1986 agreement. They contend that the federal court decision was not a breach because it decided the relationship between the two companies in the past, and that the provision to which the plaintiffs point was merely an "agreement to allege" no control in the past, nothing more. The allegation having been made by signing the document, that provision of the contract was not breached. Because there was no breach, defendants argue that the plaintiffs are bound by the terms of the contract under which defendants owe no contributions to the Trusts on behalf of the employees of Surveyors.
 
 
 9
 At oral argument, the plaintiffs conceded that there was no evidence that GCWI continued common control over Surveyors labor relations after signing the 1986 agreement, but emphasized that there was still some performance on three contracts which were diverted to Surveyors at its inception. The district court dismissed this evidence as insignificant and found that the Trustees "failed to offer evidence that GCWI had common control of the day-to-day labor matters of Surveyors after it signed the Supplemental Letter." ER at 222-23. We agree with the district court. The ongoing three contracts diverted to Surveyors nine years ago are insufficient to establish an alter ego relationship between the two companies in the present. It is undisputed that there is simply no evidence of any control of the labor relations of Surveyors by GCWI after August 1, 1986. There is also no evidence that any new work was diverted from GCWI to Surveyors. Because there was no breach of the 1986 agreement, plaintiffs are bound by the terms of the agreement under which GCWI owes no contributions to the Trust on behalf of Surveyors employees.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3